

# Missouri Court of Appeals
## Southern District

### In Division

C.K.U.,                                    )
                                        )
    Petitioner-Respondent,            )
                                          )
v.                                         )        No. SD38623
                                          )
DARRELL W. HURT,                           )        **Filed:  March 21, 2025**
                                          )
    Respondent-Appellant.             )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

#### Honorable Heather Miller

## JUDGMENT VACATED

In three points relied on, Darrell W. Hurt ("Neighbor") appeals the "Judgment of the Full Order of Protection – Adult" ("the Order") in favor of C.K.U. ("Petitioner").  Finding merit in Neighbor's second point relied on that claims the Order's conclusion that Neighbor "stalked" Petitioner is not supported by substantial evidence, we vacate the Order.

### Standard of Review & Governing Law

"In reviewing the trial court's grant or denial of full orders of protection [under the Missouri Adult Abuse Act ("the Act"), we] will sustain the judgment of the trial court unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." **R.K. v. Kelly**, 630 S.W.3d 904, 908 (Mo. App. W.D. 2021)

1

(alteration in original) (quoting *L.M.M. v. J.L.G.*, 619 S.W.3d 593, 596 (Mo. App. E.D. 2021)). "Because the trial judge is in the best position to gauge the credibility of the witnesses, in cases under [the Act], the discretion of the trial court should not often be superseded." *Id.* (quoting *L.M.M.*, 619 S.W.3d at 596).

"Nevertheless, courts must exercise great care to ensure that sufficient evidence exists to support all elements of the statute before entering a full order of protection." *Id.* (quoting *L.M.M.*, 619 S.W.3d at 596). "Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." *L.M.D. v. Gauert*, 622 S.W.3d 712, 717-18 (Mo. App. W.D. 2021) (quoting *Ivie v. Smith*, 439 S.W.3d 189, 199 (Mo. banc 2014)). "We view the facts and reasonable inferences in the light most favorable to the judgment." *R.K.*, 630 S.W.3d at 907 n.2 (quoting *L.M.M.*, 619 S.W.3d at 596).

**The Evidence**

As viewed in that light, the relevant facts are as follows. Petitioner and Neighbor own adjoining tracts of land and have on-going property disputes about whether a driveway located on Petitioner's property is an easement benefiting Neighbor and where the correct boundary line between their respective properties is located. Petitioner, her husband, and their two minor children moved into a newly constructed house on the property in December, 2023. Neighbor's property contains a well and a partially-constructed house.

On August 14, 2023, when Petitioner visited her property to check on the progress of her house construction, a heated encounter occurred between the parties. Neighbor, with a beer in hand, was driving a four-wheeler around while intoxicated. After driving on Petitioner's property without having permission to do so, Neighbor inadvertently drove into

2

a pile of trash located on his own property. After observing the mayhem, Petitioner "jokingly said [to Neighbor], 'Hey, when [are] you going to move that trash?'"

Neighbor was annoyed by Petitioner's remark, and Neighbor began yelling and screaming at her, calling her "stupid" and a "dumb b****." Neighbor and Petitioner continued to argue about the trash. In addition to Petitioner's children, Petitioner's father was present during the exchange. Petitioner's father heard Neighbor yell at Petitioner that if she didn't shut her mouth, Neighbor would shut it for her, and Petitioner's father observed Neighbor "make several movements around that would be considered threatening." No physical contact occurred between Petitioner and Neighbor.

Neighbor has repeatedly used the driveway he claims as an easement, and he has continually entered other parts of Petitioner's property without permission. On one occasion, Petitioner demanded that Neighbor leave her property, but Neighbor refused to do so. Neighbor has also texted Petitioner's husband, telling him that Petitioner is a "dumb b****" and that people think she is crazy. Petitioner testified that Neighbor's actions have made her fear for her physical safety and have caused her to lose her inner peace such that she does not want to be home unless her husband is present.

The circuit court found these facts to be sufficient to support a one-year order of protection against Neighbor in favor of Petitioner and entered the Order on April 25, 2024. Among other things, the Order granted exclusive possession of Petitioner's property to Petitioner and ordered Neighbor not to use the driveway and instead use another route to get to his property.

**Analysis**

Neighbor's second point claims:

3

> The [circuit] court erred in entering [the Order] for [Petitioner] *because* the [circuit] court's determination that [Neighbor] stalked [Petitioner] was not supported by substantial evidence, *in that* the evidence adduced at trial did not substantially satisfy the statutory requirements for a protection order per the [Act], sections 455.010 through 455.085, for the reason that evidence of a single incident is not sufficient to support a finding of "stalking" as defined by statute. [(Alteration in original.)]

We agree. "The Act provides that a person who has been subject to domestic violence or has been the victim of stalking or sexual assault may seek an order of protection." *L.M.D.*, 622 S.W.3d at 718 (citing section 455.020.1, RSMo 2016). As Neighbor and Petitioner are not related, nor are they members of the same household, an order of protection could only lawfully be entered against Neighbor if Petitioner presented substantial evidence that Neighbor was "stalking" Petitioner. *See id.*

"The Act defines '[s]talking' as 'when any person purposely engages in an unwanted *course of conduct* that causes *alarm* to another person ... when it is reasonable in that person's situation to have been alarmed by the conduct.'" *Id.* (quoting section 455.010(15))[1] (emphasis added). "'Course of conduct' means a pattern of conduct composed of 'two or more acts' over a period of time, however short, 'that serve[s] no legitimate purpose[.]'" *Id.* (quoting section 455.010(15)(b)). "'Alarm' means 'to cause fear of danger of physical harm[.]'" *Id.* (quoting section 455.010(15)(a)).

> Therefore, to obtain relief under the Act, a petitioner must demonstrate by a preponderance of the evidence: (1) that the respondent engaged in a pattern of conduct of at least two or more acts, (2) which served no legitimate purpose, (3) causing the petitioner to fear danger of physical harm, and (4) that the petitioner's fear was reasonable.

*Id.*

---

[1] Unless otherwise stated, all references to section 455.010 are to RSMo Cum. Supp. 2021.

For the sake of argument, we assume (as Neighbor implicitly does in his point) that the August 14, 2023, encounter constituted an incident that caused Petitioner to be in fear of danger of physical harm. That said, the record is devoid of any substantial evidence of a subsequent encounter that would have caused a reasonable person to be in fear of danger of physical harm. Although Petitioner testified that she feared Neighbor, no evidence was adduced at trial of aggressive, intimidating, or forceful acts or threats committed by Neighbor after the initial August 14, 2023, encounter. *See R.K.*, 630 S.W.3d at 910-11 (order of protection vacated when second incident between the parties consisted only of obscene language and hand gestures directed at the petitioner). If it is true that Neighbor has repeatedly trespassed upon Petitioner's property, excluding the disputed driveway easement, it may be illegal or tortious, but it does not constitute substantial evidence of stalking as defined in section 455.010(15).

Although we certainly do not condone the outrageous conduct described at trial, we must be cautious in sustaining an order of protection between neighbors, especially when there are ongoing property disputes between the parties. "[T]he stalking provision of the [Act] was not meant to be a panacea for the minor arguments that frequently occur between neighbors." *L.M.D.*, 622 S.W.3d at 718 (alteration in original) (quoting *N.L.P. v. C.G.W.*, 415 S.W.3d 800, 804 (Mo. App. E.D. 2013)).

Because no substantial evidence of a second incident that would have caused a reasonable person to fear danger of physical harm was presented, we grant Neighbor's second point and vacate the Order.[2]

DON E. BURRELL, J. – OPINION AUTHOR
JENNIFER R. GROWCOCK, C.J. – CONCURS
BECKY J. WEST, J. – CONCURS

---

[2] Because Point 2 is dispositive of this appeal, we need not reach Neighbor's first or third points relied on.